## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-KA-00166-COA

EDWARD PARKER ELDRIDGE A/K/A                    APPELLANT
EDWARD P. ELDRIDGE A/K/A EDWARD
ELDRIDGE

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2016 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF BURGLARY OF A DWELLING AND SENTENCED TO TWENTY YEARS, WITH TWELVE YEARS SUSPENDED, LEAVING EIGHT YEARS TO SERVE, FOLLOWED BY FOUR YEARS OF POSTRELEASE SUPERVISION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $2,000 FINE |
| DISPOSITION: | AFFIRMED - 06/13/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J, FOR THE COURT:**

¶1.     Edward Parker Eldridge was convicted of burglary of a dwelling in the Circuit Court

of Harrison County.  He was sentenced to twenty years, with twelve years suspended, leaving

eight years to serve in the custody of the Mississippi Department of Corrections, followed by four years of postrelease supervision. After sentencing, Eldridge filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied. Eldridge timely appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2014, Charles Flowers resided in a small beach cottage located in Biloxi, Mississippi. Flowers left the cottage for work on June 10, 2014, and did not return home until the following day.

¶3. On June 11, 2014, Flowers arrived home and noticed the doors of his home ajar. Flowers testified that when he tried to gain access to the house, he was unable to enter through the doors. From a window, Flowers testified he saw blankets and guitar cables tied together between pieces of furniture. When Flowers finally gained access to his home, he found half of a sandwich and a half-melted bowl of ice cream. A laundry basket containing a number of Flowers's personal items and valuables was found by the front door. There was also broken glass on the floor, and clothes thrown everywhere in the house.

¶4. Steven Kelly, an investigator with the Biloxi Police Department, testified he went to Flowers's home to investigate after he received a call about a burglary. He testified that when he arrived, he noticed shards of glass by Flowers's french doors, and that it appeared the house had been rummaged through. He testified he noticed a half-eaten sandwich and bowl of ice cream on the table. Moreover, he testified he noticed electronic or musical-type equipment in a laundry basket close to a door in Flowers's home. Investigator Kelly also

2

stated he did not take photos of the home during that time, because he had just started working for the police department and had not been issued a camera.

¶5.     Flowers testified that he did not stay at his house that night, because he was afraid. Flowers returned to his house a few days later to retrieve the rest of his items.  He testified he found a casino player's card with the name "Edward Parker Eldridge" on it, a dirty razor, and dirty clothes on the floor in his bathroom.  Flowers also testified it appeared as if someone had tried to break in the home again.  Flowers later took the items found in his house to the Biloxi Police Department.

¶6.     After Flowers revealed the casino player's card with Eldridge's name, an investigator showed him a picture of a man named Edward Parker Eldridge.  Coincidently, on June 11, 2014, Eldridge was questioned by Officer Kevin Kinny of Biloxi Police Department on another matter.  Officer Kinny stopped to visit with Eldridge and took Eldridge's picture on June 11, 2014.  Flowers testified that he recognized the shirt worn by Eldridge in the picture, despite the shirt being worn inside out.  The shirt had the name "Home Cypress Farms" embroidered on it.  Home Cypress Farms was the name of the Flowers family farm.  Flowers stated that the shirt had been gone since the burglary.  Eldridge was arrested and charged with burglary of a dwelling.

¶7.     During the trial, Eldridge did not testify on his own behalf, and the court heard the evidence listed above.  However, Eldridge argued the State failed to prove the elements of the crime of burglary, and tendered a jury instruction on the lesser included offenses of criminal trespass and petit larceny.  The court refused his jury instructions.  Following a jury

trial on January 20, 2016, Eldridge was sentenced to a term of twenty years, with eight years to serve and twelve years suspended. Eldridge's motion for a JNOV or, in the alternative, a new trial was denied. On appeal, Eldridge asserts the court erred by denying his request for a lesser-included-offense instruction on trespass.

## STANDARD OF REVIEW

¶8. "The standard of review for a claim that a defendant was entitled to a lesser-included-offense instruction is de novo, as this is a question of law." *Pierce v. State*, 107 So. 3d 1011, 1014 (¶11) (Miss. Ct. App. 2012) (citations omitted).

## DISCUSSION

**Whether the trial court erred when it refused Eldridge's request for a lesser-included-offense instruction on trespass.**

¶9. Eldridge argues that it is fundamentally unfair to prevent a defendant from being allowed to present his defense and to have the jury instructed thereon. Eldridge is correct in his assertion that "a defendant is entitled to have every legal defense he asserts to be submitted as factual issue for determination by the jury under proper instruction of the court." *Love v. State*, 121 So. 3d 952, 955 (¶13) (Miss. Ct. App. 2013). "However, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." *Newell v. State*, 49 So. 3d 66, 73-74 (¶¶20-21) (Miss. 2010) (citation omitted). "A lesser-included-offense instruction should be granted unless the trial court, and ultimately the appellate court, can say" that "[t]aking the evidence in the light most favorable to the accused, and considering all reasonable inferences which may be drawn in favor of the

4

accused from the evidence, no reasonable jury could find the defendant guilty of the lesser included offense and conversely not guilty of at least one essential element of the principal offense." *Pierce*, 107 So. 3d at 1014 (¶11) (citations and quotation marks omitted).

¶10.    The court in *Jackson v. State,* 90 So. 3d 597, 607 (¶36) (Miss. 2012), stated that the inference ordinarily to be drawn from a defendant's unexpected breaking and entering into the home of another person unknown to him, followed by his rummaging through the victim's effects and fleeing upon discovery, is that the defendant had the intent to commit larceny.   The question in this case is "whether the evidence is so clear that no reasonable juror could have accepted the defendant's theory that his intent to commit a crime was formed after he was in the house." *Id.* at 605 (¶34).

¶11.    Eldridge rummaged through Flowers's personal items, then fled before he could retrieve the items placed at the door.  Eldridge is not required to prove any element of the crime with which he was charged; however, there is no testimony or evidence submitted to substantiate a claim for the lesser-offense theory.  The trial court found that looking at all of the evidence, a reasonable jury could not have found Eldridge guilty of criminal trespass only.  We agree.

¶12.    Therefore, this Court finds no reversible error in the trial court's refusal of the jury instruction on criminal trespass.  Accordingly, we affirm.

¶13.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY YEARS, WITH TWELVE YEARS SUSPENDED,  LEAVING EIGHT YEARS TO SERVE, FOLLOWED BY FOUR YEARS OF POSTRELEASE SUPERVISION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $2,000 FINE,**

5

**IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES J., NOT PARTICIPATING.**